UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:01CR185-5-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JOE ANTHONY BROWN, )<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's *pro se* letter motion requesting the appointment of new counsel for purposes of resentencing, filed June 14, 2006. (Document #157)

On June 27, 2006, Defendant and his counsel, Attorney G. Bruce Park, appeared before the undersigned. Although Defendant's resentencing was scheduled to occur on that date, the Court first attempted to resolve the issues raised within Defendant's letter with respect to the status of counsel, as well as assess Defendant's preparedness for sentencing.

After hearing from the parties, the Court directed the Courtroom Deputy Clerk to contact Defendant's former appellate counsel, Attorney Deke Falls, and ask if Mr. Falls would be willing to represent Defendant in his resentencing hearing. The Court advised Defendant that, absent Mr. Falls' willingness to resume responsibility for this case upon remand, Defendant's motion would be <u>denied</u> and the case would be promptly re-calendared for resentencing.[1] The Court also explained that if appellate counsel did not accept the case, Defendant would be left with the following options: 1) continue to work with his existing court-appointed counsel, Mr. Park; or 2) proceed with his resentencing as a *pro se* defendant with Attorney Park acting as "stand-by" counsel. In any event,

---

[1] The Court will not attempt to summarize all of the matters discussed during the June 26th hearing. However, the Court notes that Defendant has had the benefit of multiple, competent and able court-appointed attorneys during the pendency of these proceedings; that Defendant has found fault with most; and that Defendant is not constitutionally entitled to counsel of his choice.

Defendant was told that the factual and legal issues involved in a resentencing did not encompass factual disputes previously resolved by the jury and, therefore, did not require the Court to revisit those issues. Similarly, to the extent Defendant questioned the propriety of the Court's jury instructions, those types of issues are not relevant at this stage of the case.

It has since been brought to the Court's attention that Mr. Falls will <u>not</u> accept re-appointment for purposes of resentencing. Therefore, Defendant must elect to either continue to work with Mr. Park or proceed *pro se.*

**IT IS, THEREFORE, ORDERED THAT:**

**1) <u>On or before July 21, 2006,</u>** the Defendant shall notify the Court, in writing, how he wishes to proceed with resentencing. If the Defendant does not respond to the instant Order by July 21st, the Court will presume that Defendant wishes to continue to rely upon the services of court-appointed counsel and no further Order from this Court will be necessary.

2) The Deputy Clerk is directed to serve a copy of this Order upon the Defendant (via certified mail, return receipt requested), Defense Counsel, U.S. Probation Office, U.S. Marshal Service, and the United States Attorney's Office.

Signed: July 11, 2006

Richard L. Voorhees
United States District Judge