UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-311-FDW
(3:01-cr-185-FDW-5)

| | |
|---|---|
| JOE ANTHONY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.     BACKGROUND**

On January 31, 2003, Petitioner was found guilty after a jury trial of having conspired to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); (2) having possessed with intent to distribute more than five grams of cocaine base, or having aided and abetted that offense, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); and (3) having used, carried and discharged a firearm during and in relation to the drug conspiracy, and having possessed and discharged such firearm in furtherance of the conspiracy, all in violation of 18 U.S.C. § 924(c)(1) (Count Three). (Criminal Case No. 3:01cr185-FDW-5, Doc. No. 118: Jury Verdict). Petitioner was ultimately

sentenced to a term of 240 months imprisonment on the conspiracy conviction, to a 60-month concurrent term on the trafficking conviction, and to a consecutive term of 120 months on the firearm conviction, for a total of 360 months imprisonment. (Id., Doc. No. 163: Amended Judgment). Petitioner appealed, and the Fourth Circuit affirmed the conviction and sentence in an unpublished opinion dated November 26, 2007. United States v. Brown, 255 Fed. App'x 698 (4th Cir. 2007).

On November 17, 2008, Petitioner filed a § 2255 motion to vacate, contending that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and raising several ineffective assistance of counsel claims. (Case No. 3:08cv524). On December 3, 2008, this Court denied the motion to vacate on the merits with prejudice. On January 21, 2010, the Fourth Circuit dismissed Petitioner's appeal. United States v. Brown, 361 Fed. App'x 494 (4th Cir. 2010). Petitioner placed the instant § 2255 petition in the prison system for mailing on June 8, 2014, and it was stamp-filed in this Court on June 12, 2014. Petitioner contends as his sole ground for relief that he is entitled to sentencing relief pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013).

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Petitioner filed the instant motion to vacate seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:01cr185.  Petitioner has already filed a motion to vacate challenging the same conviction and sentence, and the motion to vacate has been denied on the merits.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255.  Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, this successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IV.    CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1.      Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive

petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: June 16, 2014

Frank D. Whitney
Chief United States District Judge